022612IN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| DIANE K. BAIR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11-62 EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. Briefing concluded January 5, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of March 16, 2006, plaintiff alleges disability due to a schizoaffective disorder and a cognitive disorder. She asserts the Administrative Law Judge (ALJ) erred in failing to ascertain whether there were any inconsistencies between the vocational expert's answers and the Dictionary of Occupational Titles, in failing to identify a significant number of jobs plaintiff can perform as of her 55th birthday, and in failing to evaluate plaintiff's claim under the "special profile" of 20 CFR §404.1562(b). Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include schizoaffective disorder, borderline to low average intellectual functioning, and alcohol abuse in remission, but further found her able to perform substantial gainful activity. In determining plaintiff's residual functional capacity to perform work, the ALJ further found, in part, that the work should have no requirement to read instructions, write reports, or do math calculations. T. 14. In response to an interrogatory from the ALJ, the vocational expert responded that given these limitations, plaintiff would be able to perform work as a Tagger, a Folder, or a Sterilization Clerk, and that the response was consistent with the information contained in the Dictionary of Occupational Titles. T. 21. The ALJ relied upon this testimony in finding plaintiff not disabled.

Upon review of the record as a whole, it appears that the three jobs identified by the vocational expert are in apparent conflict with the Dictionary of Occupational Titles, and in apparent conflict with the residual functional capacity determined by the ALJ, as each requires a level of reading and math, and this apparent conflict

was never addressed or explained at the administrative level. Accordingly, on this record, it is the court's view that the ALJ erred in relying upon the vocational expert testimony, and therefore the Commissioner's decision is not supported by substantial evidence on the record as a whole. This matter shall be reversed and remanded for further consideration. Additionally, on remand, the Commissioner shall further explore whether plaintiff has a "limited education" notwithstanding her GED, and if so, the effect thereof upon plaintiff's remaining claims under the applicable law.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

March 15, 2012.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT